**MARGOLIS EDELSTEIN**
Christopher Gilligan, Esq.
Attorney No. 316936
E: cgilligan@margolisedelstein.com
Curtis Center | Suite 400E
170 S. Independence Mall W.
Philadelphia, PA 19106
P: (215) 922-1100
F: (215) 922-1772

*Attorneys for Defendants*
*Maxatawny Township Municipal*
*Authority, Michael Berger, Steve*
*Haring, Judy Daub, Steven*
*Moyer, Martin Kozlowski, Steve*
*Wehr, Joshua Tucker, and*
*Stephen Price*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADVANTAGE POINT, LP | CIVIL ACTION |
| Plaintiff, | |
| v. | Case No.: 5:25-cv-02403-CH |
| MAXATAWNY TOWNSHIP | |
| MUNICIPAL AUTHORITY, *et al.*, | The Honorable Catherine Henry |
| Defendants. | |

### DEFENDANTS MAXATAWNY TOWNSHIP MUNICIPAL AUTHORITY, MICHAEL BERGER, STEVE HARING, JUDY DAUB, STEVEN MOYER, MARTIN KOZLOWSKI, STEVE WEHR, JOSHUA TUCKER, AND STEPHEN PRICE'S ANSWER TO THE COMPLAINT

Defendants Maxatawny Township Municipal Authority ("MTMA"), Michael Berger, Steve Haring, Judy Daub, Steven Moyer, Martin Kozlowski, Steve Wehr, Joshua Tucker, and Steve Price (hereinafter collectively "Authority Defendants" or "Defendants"), by and through the undersigned counsel, hereby files this Answer with Affirmative Defenses to Plaintiff, Advantage Point's ("Plaintiff) Complaint and in support thereof avers as follows:

### **VERIFIED COMPLAINT**[1]

1.  The within averments of the corresponding Paragraph constitute conclusions of law to which the Federal Rules of Civil Procedure do not require a response. To the extent a response is required, the within averments are denied, and strict proof thereof is demanded at time of trial, if relevant.

2.  Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment contained in this Paragraph.

3.  The within averments of the corresponding Paragraph constitute conclusions of law to which the Federal Rules of Civil Procedure do not require a response. To the extent a response is required, the within averments are denied, and strict proof thereof is demanded at time of trial, if relevant.

4.  The within averments of the corresponding Paragraph constitute conclusions of law to which the Federal Rules of Civil Procedure do not require a response. To the extent a response is required, the within averments are denied, and strict proof thereof is demanded at time of trial, if relevant.

5.  The within averments of the corresponding Paragraph constitute conclusions of law to which the Federal Rules of Civil Procedure do not require a response. To the extent a response is required, the within averments are denied, and strict proof thereof is demanded at time of trial, if relevant.

6.  Denied.

---

[1] Defendant's use of Plaintiff's headings is for organizational purposes only and is not to be construed as agreement with and/or support of Plaintiff's claims.

7. Denied. The Villas Project received final conditional land development approval on April 14, 2025. Further, the Villas have been dismissed as a Defendant from this litigation as per the Court's August 8, 2025 Order and thus the Court will not be enjoining the Project.

8. Denied.

9. The within averments of the corresponding Paragraph constitute conclusions of law to which the Federal Rules of Civil Procedure do not require a response. To the extent a response is required, the within averments are denied, and strict proof thereof is demanded at time of trial, if relevant.

10. Denied. Plaintiff's entire capacity has been and is available to them. Further, the 4,000 gallons of capacity referenced by Plaintiff represents the amount of capacity that has not yet been approved for usage by the Pennsylvania Department of Environmental Protection ("PA DEP"). These 4,000 gallons are and have been available to Plaintiff, but Plaintiff has not been permitted to utilize them by the PA DEP. At this time, Plaintiff has not sought approval for this capacity from the PA DEP.

## PARTIES

11. Admitted upon information and belief.

12. Admitted.

13. Admitted.

14. Admitted in part, denied in part. Defendants admit that the listed individual is an officer of MTMA. The remaining averments are specifically denied.

15. Admitted in part, denied in part. Defendants admit that the listed individual is an officer of MTMA. The remaining averments are specifically denied.

16. Denied. Judy Daub at the time of the Complaint's filing was the Secretary of the MTMA Board. Since, her term has lapsed and she no longer is on the MTMA board.

17. Admitted in part, denied in part. Defendants admit that the listed individual is an officer of MTMA. The remaining averments are specifically denied.

18. Admitted in part, denied in part. Defendants admit that the listed individual is an officer of MTMA. The remaining averments are specifically denied.

19. Admitted in part, denied in part. Defendants admit that the listed individual is an officer of MTMA. The remaining averments are specifically denied.

20. Denied. Joshua Tucker at the time of the Complaint's filing was an MTMA Board Member. Since, his term has lapsed and he no longer is on the MTMA board.

21. Admitted in part, denied in part. Defendants admit that the listed individual is an officer of MTMA. The remaining averments are specifically denied.

22. Admitted upon information and belief.

## JURISDICTION AND VENUE

23. The within averments of the corresponding Paragraph constitute conclusions of law to which the Federal Rules of Civil Procedure do not require a response. To the extent a response is required, the within averments are denied, and strict proof thereof is demanded at time of trial, if relevant.

24. The within averments of the corresponding Paragraph constitute conclusions of law to which the Federal Rules of Civil Procedure do not require a response. To the extent a response is required, the within averments are denied, and strict proof thereof is demanded at time of trial, if relevant.

## STATEMENT OF FACTS

25. Admitted upon information and belief.

26. Admitted in part, denied in part. Defendants admit that the project comprises of approximately 337 apartments across three buildings. The remaining averments of paragraph 26 are denied as conclusions of fact and/or law.

27. Denied.

28. The within averments of the corresponding Paragraph constitute conclusions of law to which the Federal Rules of Civil Procedure do not require a response. To the extent a response is required, the within averments are denied, and strict proof thereof is demanded at time of trial, if relevant.

29. Denied.

30. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment contained in this Paragraph.

31. Admitted upon information and belief.

### Plaintiff Acquires Its Sewer Capacity

32. Admitted.

33. The within averments of the corresponding Paragraph constitute conclusions of law to which the Federal Rules of Civil Procedure do not require a response. To the extent a response is required, the within averments are denied, and strict proof thereof is demanded at time of trial, if relevant.

34. The within averments of the corresponding Paragraph constitute conclusions of law to which the Federal Rules of Civil Procedure do not require a response. To the extent a response is required, the within averments are denied, and strict proof thereof is demanded at time of trial, if relevant.

35. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment contained in this Paragraph.

36. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment contained in this Paragraph.

37. Admitted in part, denied in part. Defendants admit that a document entitled "Sewer Public Reservation #3 dated December 27, 2012 is attached to Plaintiff's Complaint as Exhibit "A". The remaining averments are specifically denied as the writing speaks for itself.

38. Denied. As the allegations contained in Paragraph No. 38 refer to a written document, the same speaks for itself and no responsive pleading is required.

39. Denied. To the extent that the allegations contained in Paragraph No. 39 refer to written documents, the same speak for themselves and no responsive pleading is required.

40. Admitted in part, denied, in part. Defendants admit that a document entitled "Sewer Public Reservation #4" dated December 27, 2012 is attached to Plaintiff's Complaint as Exhibit "B". The remaining averments are specifically denied as Exhibit B is a document which speaks for itself.

41. Denied.

42. Denied. As the allegations contained in Paragraph No. 42 refer to a written document, the same speaks for itself and no responsive pleading is required.

43. Admitted upon information and belief.

44. Denied as stated.

45. Admitted in part, denied in part. Defendants admit that a document dated September 6, 2018 is attached to Plaintiff's Complaint as Exhibit "C". The remaining averments of Paragraph 45 are specifically denied as Exhibit "C" is a writing which speaks for itself. The

remaining averments are denied as Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, accordingly, they are specifically denied.

46. Admitted.

47. Denied. To the extent that the allegations contained in Paragraph No. 47 refer to a written document, the same speaks for itself and no responsive pleading is required. After reasonable investigation, Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, accordingly, they are specifically denied.

48. Admitted.

49. Admitted.

**One Year Ago, Defendants Attempted to Strip Plaintiff of Its Reserved Sewer Capacity Without Warning, Notice, or Due Process**

50. The within averments of the corresponding Paragraph constitute conclusions of law to which the Federal Rules of Civil Procedure do not require a response. To the extent a response is required, the within averments are denied, and strict proof thereof is demanded at time of trial, if relevant.

51. The within averments of the corresponding Paragraph constitute conclusions of law to which the Federal Rules of Civil Procedure do not require a response. To the extent a response is required, the within averments are denied, and strict proof thereof is demanded at time of trial, if relevant.

52. The within averments of the corresponding Paragraph constitute conclusions of law to which the Federal Rules of Civil Procedure do not require a response. To the extent a response

is required, the within averments are denied, and strict proof thereof is demanded at time of trial, if relevant.

53. The within averments of the corresponding Paragraph constitute conclusions of law to which the Federal Rules of Civil Procedure do not require a response. To the extent a response is required, the within averments are denied, and strict proof thereof is demanded at time of trial, if relevant.

54. Denied.

55. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment contained in this Paragraph.

56. Denied as stated. By way of further response, MTMA did inquire about purchasing Plaintiff's capacity.

57. Admitted.

58. Denied. By way of further response, upon information and belief, Plaintiff rejected each of these offers.

59. Admitted.

60. Denied.

61. Denied.

62. Denied. To the extent that the allegations contained in Paragraph No. 62 refer to a written document, the same speaks for itself and no responsive pleading is required. After reasonable investigation, Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, accordingly, they are specifically denied.

63. The within averments of the corresponding Paragraph constitute conclusions of law to which the Federal Rules of Civil Procedure do not require a response. To the extent a response is required, the within averments are denied, and strict proof thereof is demanded at time of trial, if relevant.

64. Denied. By way of further response, the Termination Notice was issued on July 11, 2024.

65. The within averments of the corresponding Paragraph constitute conclusions of law to which the Federal Rules of Civil Procedure do not require a response. To the extent a response is required, the within averments are denied, and strict proof thereof is demanded at time of trial, if relevant.

66. Denied in part. By way of further response, Plaintiff made a late payment.

67. Denied.

68. Denied.

69. Admitted in part, denied in part. Defendants admit that Plaintiff filed a lawsuit at the court term and number listed. The remaining averments of paragraph 69 are specifically denied.

70. Denied as stated. By way of further response, the parties entered into a Settlement Agreement on July 25, 2024. The Settlement Agreement, being a writing, speaks for itself and any characterization thereof is specifically denied.

71. Admitted in part, denied in part. Defendants admit that a document entitled "Settlement Agreement" is attached to Plaintiff's Complaint as Exhibit E. The remaining averments of paragraph 71 are specifically denied.

72. Denied. The Settlement Agreement, being a writing, speaks for itself and any characterization thereof is specifically denied.

73. The within averments of the corresponding Paragraph constitute conclusions of law to which the Federal Rules of Civil Procedure do not require a response. To the extent a response is required, the within averments are denied, and strict proof thereof is demanded at time of trial, if relevant.

**Defendants Have Now Resumed Their Efforts to Strip Plaintiff of Its Reserved Sewer Capacity, Disregarding Both the Law and the Settlement Agreement**

74. Denied as stated. By way of further response, Plaintiff continues to make timely payments.

75. Denied as stated. Plaintiff has their entire reservation of 74,000 gallons per day of sewer capacity available to them.

76. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph.

77. The within averments of the corresponding Paragraph constitute conclusions of law to which the Federal Rules of Civil Procedure do not require a response. To the extent a response is required, the within averments are denied, and strict proof thereof is demanded at time of trial, if relevant.

78. Denied.

79. Denied in part. MTMA has approached Plaintiff about purchasing Plaintiff's reserved sewer capacity. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this Paragraph.

80. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph.

81. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph.

82. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph.

83. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph.

84. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph. Further, the within averments of the corresponding Paragraph constitute conclusions of law to which the Federal Rules of Civil Procedure do not require a response. To the extent a response is required, the within averments are denied, and strict proof thereof is demanded at time of trial, if relevant.

85. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph.

86. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph.

87. Denied.

88. Denied.

89. Denied as stated. The Duke Project was going to use a large quantity of sewer capacity, but ultimately was never finalized.

90. Denied.

91. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph.

92. Admitted in part, denied in part. Defendants admit that an email is attached as Exhibit "F" to Plaintiff's complaint. This being a writing speaks for itself and any characterization thereof is specifically denied.

93. Denied. As the averments in paragraph 93 refer to a writing, which speaks for itself, the averments of paragraph 93 are specifically denied.

94. Denied.

95. Denied. By way of further response, the Villas Project has obtained their capacity from unused capacity at the MTMA wastewater treatment plant and has not taken any capacity from Plaintiff.

96. Admitted in part, denied in part. Defendants admit that a document is attached to Plaintiff's Complaint as Exhibit "G". The same, being a writing, speaks for itself and any characterization thereof is specifically denied. The remaining averments in paragraph 96 are denied.

97. Denied. As the averments in paragraph 97 refer to a writing, which speaks for itself, the averments of paragraph 97 are specifically denied.

98. Denied.

99. Denied as stated. By way of further response, this chart was submitted at a public MTMA meeting.

100.    The within averments of the corresponding Paragraph constitute conclusions of law to which the Federal Rules of Civil Procedure do not require a response. To the extent a response is required, the within averments are denied, and strict proof thereof is demanded at time of trial, if relevant.

101.    The within averments of the corresponding Paragraph constitute conclusions of law to which the Federal Rules of Civil Procedure do not require a response. To the extent a response is required, the within averments are denied, and strict proof thereof is demanded at time of trial, if relevant.

102.    Denied.

103.    Denied.

104.    The within averments of the corresponding Paragraph constitute conclusions of law to which the Federal Rules of Civil Procedure do not require a response. To the extent a response is required, the within averments are denied, and strict proof thereof is demanded at time of trial, if relevant.

105.    The within averments of the corresponding Paragraph constitute conclusions of law to which the Federal Rules of Civil Procedure do not require a response. To the extent a response is required, the within averments are denied, and strict proof thereof is demanded at time of trial, if relevant.

106.    Denied.

107.    The within averments of the corresponding Paragraph constitute conclusions of law to which the Federal Rules of Civil Procedure do not require a response. To the extent a response is required, the within averments are denied, and strict proof thereof is demanded at time of trial, if relevant.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Admitted in part, denied in part.  Defendants admit that a document entitled "February 2024 MTAM Meeting Mintes" is attached to Plaintiff's Complaint as Exhibit "H". The same, being a writing, speaks for itself and any characterization thereof is specifically denied. The remaining averments of paragraph 111 are specifically denied.

112.    Denied.

113.	The within averments of the corresponding Paragraph constitute conclusions of law to which the Federal Rules of Civil Procedure do not require a response. To the extent a response is required, the within averments are denied, and strict proof thereof is demanded at time of trial, if relevant.

114.	Denied.

115.	Admitted in part, denied in part.  Defendants admit that a document entitled "July 2024 MTMA Meeting Minutes" is attached to Plaintiff's Complaint as Exhibit "H".  The same, being a writing, speaks for itself and any characterization thereof is specifically denied.

116.	Denied.

117.	The within averments of the corresponding Paragraph constitute conclusions of law to which the Federal Rules of Civil Procedure do not require a response. To the extent a response is required, the within averments are denied, and strict proof thereof is demanded at time of trial, if relevant.

118.	The within averments of the corresponding Paragraph constitute conclusions of law to which the Federal Rules of Civil Procedure do not require a response. To the extent a response is required, the within averments are denied, and strict proof thereof is demanded at time of trial, if relevant.

119.	Denied. The Villas Project received final conditional land development approval on April 14, 2025. Further, the Villas have been dismissed as a Defendant from this litigation as per the Court's August 8, 2025 Order.

120.	The within averments of the corresponding Paragraph constitute conclusions of law to which the Federal Rules of Civil Procedure do not require a response. To the extent a

response is required, the within averments are denied, and strict proof thereof is demanded at time of trial, if relevant.

121.    The within averments of the corresponding Paragraph constitute conclusions of law to which the Federal Rules of Civil Procedure do not require a response. To the extent a response is required, the within averments are denied, and strict proof thereof is demanded at time of trial, if relevant.

## COUNT I

122.    Defendants repeat and incorporate by reference the allegations of all preceding Paragraphs as if fully set forth herein.

123.    The within averments of the corresponding Paragraph constitute conclusions of law to which the Federal Rules of Civil Procedure do not require a response. To the extent a response is required, the within averments are denied, and strict proof thereof is demanded at time of trial, if relevant.

124.    The within averments of the corresponding Paragraph constitute conclusions of law to which the Federal Rules of Civil Procedure do not require a response. To the extent a response is required, the within averments are denied, and strict proof thereof is demanded at time of trial, if relevant.

125.    The within averments of the corresponding Paragraph constitute conclusions of law to which the Federal Rules of Civil Procedure do not require a response. To the extent a response is required, the within averments are denied, and strict proof thereof is demanded at time of trial, if relevant.

126.    The within averments of the corresponding Paragraph constitute conclusions of law to which the Federal Rules of Civil Procedure do not require a response. To the extent a

response is required, the within averments are denied, and strict proof thereof is demanded at time of trial, if relevant.

## **COUNT II**

127.    Defendants repeat and incorporate by reference the allegations of all preceding Paragraphs as if fully set forth herein.

128.    The within averments of the corresponding Paragraph constitute conclusions of law to which the Federal Rules of Civil Procedure do not require a response. To the extent a response is required, the within averments are denied, and strict proof thereof is demanded at time of trial, if relevant.

129.    The within averments of the corresponding Paragraph constitute conclusions of law to which the Federal Rules of Civil Procedure do not require a response. To the extent a response is required, the within averments are denied, and strict proof thereof is demanded at time of trial, if relevant.

130.    The within averments of the corresponding Paragraph constitute conclusions of law to which the Federal Rules of Civil Procedure do not require a response. To the extent a response is required, the within averments are denied, and strict proof thereof is demanded at time of trial, if relevant.

131.    The within averments of the corresponding Paragraph constitute conclusions of law to which the Federal Rules of Civil Procedure do not require a response. To the extent a response is required, the within averments are denied, and strict proof thereof is demanded at time of trial, if relevant.

132.    The within averments of the corresponding Paragraph constitute conclusions of law to which the Federal Rules of Civil Procedure do not require a response. To the extent a

response is required, the within averments are denied, and strict proof thereof is demanded at time of trial, if relevant.

## COUNT III

133.    Defendants repeat and incorporate by reference the allegations of all preceding Paragraphs as if fully set forth herein.

134.    The within averments of the corresponding Paragraph constitute conclusions of law to which the Federal Rules of Civil Procedure do not require a response. To the extent a response is required, the within averments are denied, and strict proof thereof is demanded at time of trial, if relevant.

135.    The within averments of the corresponding Paragraph constitute conclusions of law to which the Federal Rules of Civil Procedure do not require a response. To the extent a response is required, the within averments are denied, and strict proof thereof is demanded at time of trial, if relevant.

136.    The within averments of the corresponding Paragraph constitute conclusions of law to which the Federal Rules of Civil Procedure do not require a response. To the extent a response is required, the within averments are denied, and strict proof thereof is demanded at time of trial, if relevant.

137.    The within averments of the corresponding Paragraph constitute conclusions of law to which the Federal Rules of Civil Procedure do not require a response. To the extent a response is required, the within averments are denied, and strict proof thereof is demanded at time of trial, if relevant.

138.    The within averments of the corresponding Paragraph constitute conclusions of law to which the Federal Rules of Civil Procedure do not require a response. To the extent a

response is required, the within averments are denied, and strict proof thereof is demanded at time of trial, if relevant.

## COUNT IV

139.     Defendants repeat and incorporate by reference the allegations of all preceding Paragraphs as if fully set forth herein.

140.     Denied. The averments contained within paragraph 140 are directed towards a party other than Defendants, therefore, no response is required.

141.     Denied. The averments contained within paragraph 140 are directed towards a party other than Defendants, therefore, no response is required.

142.     Denied. The averments contained within paragraph 140 are directed towards a party other than Defendants, therefore, no response is required.

143.     Denied. The averments contained within paragraph 140 are directed towards a party other than Defendants, therefore, no response is required.

144.     Denied. The averments contained within paragraph 140 are directed towards a party other than Defendants, therefore, no response is required.

145.     Denied. The averments contained within paragraph 140 are directed towards a party other than Defendants, therefore, no response is required.

146.     Denied. The averments contained within paragraph 140 are directed towards a party other than Defendants, therefore, no response is required.

## COUNT V

147.     Defendants repeat and incorporate by reference the allegations of all preceding Paragraphs as if fully set forth herein.

148.     The within averments of the corresponding Paragraph constitute conclusions of law to which the Federal Rules of Civil Procedure do not require a response. To the extent a response is required, the within averments are denied, and strict proof thereof is demanded at time of trial, if relevant.

149.     The within averments of the corresponding Paragraph constitute conclusions of law to which the Federal Rules of Civil Procedure do not require a response. To the extent a response is required, the within averments are denied, and strict proof thereof is demanded at time of trial, if relevant.

150.     The within averments of the corresponding Paragraph constitute conclusions of law to which the Federal Rules of Civil Procedure do not require a response. To the extent a response is required, the within averments are denied, and strict proof thereof is demanded at time of trial, if relevant.

151.     The within averments of the corresponding Paragraph constitute conclusions of law to which the Federal Rules of Civil Procedure do not require a response. To the extent a response is required, the within averments are denied, and strict proof thereof is demanded at time of trial, if relevant.

152.     Denied. The Villas Project has received final conditional land development approval on April 14, 2025. Further, the Villas have been dismissed as a Defendant from this litigation as per the Court's August 8, 2025 Order.

WHEREFORE, Defendants Maxatawny Township Municipal Authority, Michael Berger, Steve Haring, Judy Daub, Steven Moyer, Martin Kozlowski, Steve Wehr, Joshua Tucker, and Steve Price respectfully request this Court enter judgment in Defendants' favor against Plaintiff, Advantage Point, LLP denying all of Plaintiff's requested relief.

## AFFIRMATIVE DEFENSES

Defendants hereby assert the following separate and Affirmative Defenses:

1. The Complaint fails to state a claim upon which relief can be granted.

2. It is averred that at all times concerning this litigation, Defendants acted in a manner which was proper, reasonable, lawful, and in the exercise of good faith.

3. It is averred that at all times concerning this litigation, Defendants acted in accordance with the law regarding procedural and substantive due process.

4. It is averred that at all times concerning this litigation, Defendants fully honored and in no way breached the contract with Plaintiff for their reservation of sewer capacity.

5. Defendants at no point stripped Plaintiff of their reserved sewer capacity and Plaintiff's entire reserved capacity has been and is available to them.

6. The Villas of Maxatawny project does not use any of Plaintiff's reserved sewer capacity.

7. The 4,000 gallons per day of capacity referenced throughout the Complaint refers to the amount of capacity that Plaintiff has failed to obtain PA DEP approval for. Plaintiff has misunderstood this to mean their capacity has been stripped. This could not be farther from the case, but rather is an issue Plaintiff must take up with the PA DEP and not with Defendants.

8. Plaintiff's claims may be barred, in whole or in part, by the statute of limitations.

9. Plaintiff's claim may be barred, in whole or in part, by a lack of subject matter jurisdiction.

10. Plaintiff's claims may be barred, in whole or in part, by improper venue.

11. Plaintiff's claims may be barred, in whole or in part, by the doctrine of laches.

12. Plaintiff's claims may be barred, in whole or in part, by license.

13. Plaintiff's claims may be barred, in whole or in part, by waiver.

14. The Complaint and each cause of action thereof fails to set forth facts sufficient to state a claim upon which relief may be granted against Defendants MTMA and the Authority Defendants, and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any relief whatsoever, from Defendants MTMA and the Authority Defendants.

15. Plaintiff may have failed to mitigate its damages, if any.

16. Any alleged damages sustained by Plaintiff may have been caused by the actions of Plaintiff.

17. Any purported damages allegedly suffered by Plaintiff may be the result of acts or omissions of third persons over whom Defendants MTMA and the Authority Defendants had neither control nor responsibility over.

18. Plaintiff's alleged damages were not caused by Defendants MTMA and the Authority Defendants, but may have been caused by intervening causes and/or the negligence and/or intentional actions of others.

19. There is no proximate cause between the claimed actions or failures to act on the part of Defendants MTMA and the Authority Defendants and any alleged damages, injuries, or losses claimed by Plaintiff.

20. Plaintiff's claims may be barred, in whole or in part, by the doctrine of estoppel.

21. Plaintiff has suffered no loss.

22. Plaintiff's claims may be barred, in whole or in part, by the doctrine of unclean hands, or by Plaintiff's own fraudulent conduct or that of its principals.

23. Plaintiff's claims may be barred, in whole or in part, by its failure to provide timely notice and/or its unreasonable delay in asserting a claim.

24. Plaintiff's claims are not ripe.

25. Plaintiff's claims are moot as there is no active controversy.

26. Defendants expressly reserve the right to assert additional affirmative defenses at such time

and to such extend as warranted by discovery and any factual developments in this case.

Dated: January 26, 2026

**MARGOLIS EDELSTEIN**

/s/ Christopher J. Gilligan
Christopher J. Gilligan
Curtis Center | Suite 400E
170 S. Independence Mall W.
Philadelphia, PA 19106
(215) 931-5810
cgilligan@margolisedelstein.com
*Attorneys for Defendants Maxatawny*
*Township Municipal Authority,*
*Michael Berger, Steve Haring, Judy*
*Daub, Steven Moyer, Martin*
*Kozlowski, Steve Wehr, Joshua*
*Tucker, and Stephen Price*

## CERTIFICATE OF SERVICE

I, Christopher Gilligan, Esquire, hereby certify that on the date set forth below, true and correct copy of the foregoing Defendants, Maxatawny Township Municipal Authority, Michael Berger, Steve Haring, Judy Daub, Steven Moyer, Martin Kozlowski, Steve Wehr, Joshua Tucker, and Stephen Price's Answer to the Complaint were served via ECF to the following counsel of record:

Kyle Garabedian, Esq.
Kang Haggerty, LLC
123 South Broad Street
Suite 1950
Philadelphia, PA 19109
kgarabedian@kanghaggerty.com
Attorneys for Plaintiff

Christopher Muvdi, Esq.
Masano Bradley LLP
875 Berkshire Boulevard
Suite 100
Wyomissing, PA 19610
cmuvdi@masanobradley.com
Attorneys for Defendant,
Maxatawny Township

**MARGOLIS EDELSTEIN**

By: /s/ *Christopher J. Gilligan*
CHRISTOPHER GILLIGAN, ESQUIRE
*Attorney for Defendants, Maxatawny Township Municipal Authority, Michael Berger, Steve Haring, Judy Daub, Steven Moyer, Martin Kozlowski, Steve Wehr, Joshua Tucker, and Stephen Price*

Dated: January 26, 2026